**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| Diane DeStefano, | ) | |
| | ) | |
|     Plaintiff, | ) | |
| | ) | |
|     v. | ) | No.   10 C 5103 |
| | ) | |
| Investment Retrievers, Inc., a | ) | |
| California corporation, | ) | |
| | ) | |
|     Defendant. | ) | <u>Jury Demanded</u> |

**COMPLAINT**

Plaintiff, Diane DeStefano, brings this action under the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, <u>et</u> <u>seq.</u> ("FDCPA"), for a finding that Defendant's debt collection actions violated the FDCPA, and to recover damages for Defendant's violations of the FDCPA, and alleges:

**JURISDICTION AND VENUE**

1.    This Court has jurisdiction pursuant to § 1692k(d) of the FDCPA, and 28 U.S.C. § 1331.

2.    Venue is proper in this District because: a) part of the acts and transactions occurred here; and, b) Defendant resides and transacts business here.

**PARTIES**

3.    Plaintiff, Diane DeStefano ("DeStefano"), is a citizen of the State of Pennsylvania, from whom Defendant attempted to collect a delinquent consumer debt owed for a Circuit City/Chase credit card, despite the fact that she was represented by the legal aid attorneys at the Chicago Legal Clinic's Legal Advocates for Seniors and People with Disabilities program ("LASPD"), located in Chicago, Illinois.

4.      Defendant, Investment Retrievers, Inc., is a California corporation ("Investment") that acts as a debt collector, as defined by § 1692a of the FDCPA, because it regularly uses the mails and/or the telephone to collect, or attempt to collect, delinquent consumer debts.  Defendant Investment operates a nationwide debt collection business, and attempts to collect debts from consumers in virtually every state, including consumers in the State of Illinois.  In fact, Defendant Investment was acting as a debt collector as to the delinquent consumer debt it attempted to collect from Ms. DeStefano.

5.      Defendant Investment is licensed to conduct business in Illinois and maintains a registered agent here, <u>see</u>, record from the Illinois Secretary of State, attached as Exhibit <u>A</u>.  In fact, Investment conducts business in Illinois.

6.      Moreover, Defendant Investment is licensed as a collection agency in Illinois, <u>see</u>, record from the Illinois Division of Professional Regulation, attached as Exhibit <u>B</u>.  In fact, Investment acts as a debt collector in Illinois.

## FACTUAL ALLEGATIONS

7.      Ms. DeStefano is a disabled woman, with limited assets and income, who fell behind on paying her bills, including a debt she owed for a Circuit City/Chase credit card.  When Defendant Investment began trying to collect this debt from Ms. DeStefano, she sought the assistance of the legal aid attorneys at the Chicago Legal Clinic's LASPD program, regarding her financial difficulties and Defendant Investment's collection actions.

8.      On April 24, 2009, one of Ms. DeStefano's attorneys at LASPD informed Investment, in writing, that Ms. DeStefano was represented by counsel, and directed

2

Investment to cease contacting her, and to cease all further collection actions because Ms. DeStefano was forced, by her financial circumstances, to refuse to pay her unsecured debt.  Copies of this letter and fax confirmation are attached as Exhibit C.

9.     Nonetheless, Defendant Investment sent a collection letter, dated June 18, 2010, directly to Ms. DeStefano, which demanded payment of the Circuit City/Chase debt.  A copy of this letter is attached as Exhibit D.

10.     Accordingly, on August 2, 2010, Ms. DeStefano's LASPD attorney had to fax Defendant Investment another letter, to again direct it to cease communications and to cease collections.  Copies of this letter and fax confirmation are attached as Exhibit E.

11.     Defendant Investment's collection actions complained of herein occurred within one year of the date of this Complaint.

12.     Defendant Investment's collection communications are to be interpreted under the "unsophisticated consumer" standard.  See, Gammon v. GC Services, Ltd. Partnership, 27 F.3d 1254, 1257 (7th Cir. 1994).

## COUNT I
### Violation Of § 1692c(c) Of The FDCPA --
### Failure To Cease Communications And Cease Collections

13.     Plaintiff adopts and realleges ¶¶ 1-12.

14.     Section 1692c(c) of the FDCPA prohibits a debt collector from communicating with a consumer after a direction to cease communications, and from continuing to demand payment of a debt which the consumer has indicated that they refuse to pay.  See, 15 U.S.C. § 1692c(c).

15.     Here, the letter from Ms. DeStefano's agent, LASPD, told Defendant

Investment to cease communications and cease collections (Exhibit <u>C</u>).  By continuing to communicate regarding this debt and demanding payment, Defendant Investment violated § 1692c(c) of the FDCPA.

16.    Defendant Investment's violation of § 1692c(c) of the FDCPA renders it liable for statutory damages, costs, and reasonable attorneys' fees.  <u>See</u>, 15 U.S.C. § 1692k.

**COUNT II**
**Violation Of § 1692c(a)(2) Of The FDCPA --**
**Communicating With A Consumer Represented By Counsel**

17.    Plaintiff adopts and realleges ¶¶ 1-12.

18.    Section 1692c(a)(2) of the FDCPA prohibits a debt collector from communicating with a consumer if the debt collector knows the consumer is represented by an attorney with respect to such debt and has knowledge of, or can readily ascertain, such attorney's name and address.  <u>See</u>, 15 U.S.C. § 1692c(a)(2).

19.    Defendant Investment knew that Ms. DeStefano was represented by counsel in connection with her debts because her attorneys at LASPD had informed Defendant, in writing (Exhibit <u>C</u>), that she was represented by counsel, and had directed Defendant Investment to cease directly communicating with Ms. DeStefano.  By directly sending Ms. DeStefano the collection letter (Exhibit <u>D</u>), despite being advised that she was represented by counsel, Defendant Investment violated § 1692c(a)(2) of the FDCPA.

20.    Defendant Investment's violation of § 1692c(a)(2) of the FDCPA renders it liable for statutory damages, costs, and reasonable attorneys' fees.  <u>See</u>, 15 U.S.C. § 1692k.

## PRAYER FOR RELIEF

Plaintiff, Diane DeStefano, prays that this Court:

1.      Find that Defendant Investment's debt collection actions violated the FDCPA;

2.      Enter judgment in favor of Plaintiff DeStefano, and against Defendant Investment, for statutory damages, costs, and reasonable attorneys' fees as provided by § 1692k(a) of the FDCPA; and,

3.      Grant such further relief as deemed just.

## JURY DEMAND

Plaintiff, Diane DeStefano, demands trial by jury.

Diane DeStefano,

By: /s/ David J. Philipps_____
One of Plaintiff's Attorneys

Dated:  August 13, 2010

David J. Philipps     (Ill. Bar No. 06196285)
Mary E. Philipps      (Ill. Bar No. 06197113)
Philipps & Philipps, Ltd.
9760 S. Roberts Road
Suite One
Palos Hills, Illinois 60465
(708) 974-2900
(708) 974-2907 (FAX)
davephilipps@aol.com
mephilipps@aol.com